UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL LYNN ROCHA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:20-cv-00613-CDB  (SS)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY<br><br>(Doc. 27) |

Plaintiff Gail Lynn Rocha filed this action on April 29, 2020. (Doc. 1). She appeals from a final administrative decision that denied her application for Social Security Disability Insurance and Supplemental Security Income benefits. *Id*. The action was reassigned to the undersigned on October 5, 2022. (Doc. 25).

Ms. Rocha passed away on December 25, 2022. (Doc. 27-1). Counsel for Ms. Rocha filed a Suggestion of Death on March 20, 2023. (Doc. 26). On the same day, counsel filed the instant Motion to Substitute Party now pending. (Doc. 27). Defendant filed a Statement of Non-Opposition on March 22, 2023. (Doc. 28). Accordingly, the motion is ripe for resolution.

**Legal Standard**

Federal Rule of Civil Procedure 25(a)(1) provides: if a party dies and the claim is not extinguished, the court may order substitution of the proper party. Fed. R. Civ. P. 25(a)(1). A motion for substitution may be made by any party or by the decedent's successor or

representative.  *Id*.  If any such motion for substitution is made more than 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.  *Id*.

In evaluating a Rule 25(a)(1) motion, the Court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is the proper party.  *Maseda v. Saul*, No. 1:20-cv-01657-JLT, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021).  If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original party." *Id.* (quoting *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996)).  "Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who…would adequately represent [the decedent's] interests." *Id.* (quoting *In re Baycol Prods. Litig.*, 616 F.3d 778, 789 (8th Cir. 2010)).

**Discussion and Analysis**

**A. Timeliness**

The motion now pending before the Court was timely filed because counsel for Gail Rocha filed the request for substitution within 90 days of the suggestion of death.  (Doc. 27).

**B. Whether the Claims are Extinguished**

The question of whether an action survives the death of a party "must be determined by looking towards the law, state or federal, under which the cause of action arose." *Stribling v. Lucero,* No. 2:16-cv-01438-TLN-JDP, 2021 WL 516849, at *1 (E.D. Cal. Feb. 11, 2021) (citation omitted).  Ms. Rocha filed this complaint pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) of the Social Security Act.  (Doc. 1).  The Social Security Act expressly provides for benefits to be paid to survivors under certain circumstances if a claimant dies before collecting the benefits owed to them.  42 U.S.C. § 1383(b)(1)(A); 20 C.F.R. § 416.542(b).  Accordingly, Ms. Rocha's claims in this action were not necessarily extinguished upon her death.  *See Aranda v. Commissioner of Social Security*, No. 1:20-cv-00558-SAB, 2021 WL 4864609, at *2 (E.D. Cal. Oct. 19, 2021).

**C. Designation of a Proper Party**

Ms. Rocha is survived by her spouse Phillip Anthony Rocha.  (Docs. 27, 27-2).  The amount of any underpayment that may be due from the Social Security Administration because of

Ms. Rocha's disability claim is payable to the living person (or persons) listed in highest priority as set forth in 20 C.F.R. § 404.503.

The motion represents that Phillip Rocha married Ms. Rocha on March 8, 1988, and that they were married at the time of her death. (Doc. 27). Those representations are supported by copies of Ms. Rocha's certificate of death as well as a copy of her certificate of marriage. (Docs. 27-1, 27-2). As Ms. Rocha's surviving spouse, Phillip Rocha has the highest priority for the underpayment distributions. 20 C.F.R. § 404.503(b)(1).

**Conclusion and Order**

In light of the foregoing, Phillip Rocha has established that substitution is appropriate under rule 25(a)(1) as to Plaintiff Rocha's potential underpayments in the disability claim.

Accordingly, the Court Orders:

1. The motion to substitute (Doc. 27) is GRANTED;
2. Phillip Anthony Rocha shall be substituted for Gail Lynn Rocha in this action; and
3. The Clerk of Court is directed to add Phillip Anthony Rocha as a party plaintiff in place of Gail Lynn Rocha, and acknowledge on the docket Dolly Marlo Trompeter and Jonathan Omar Peña, as counsel on record for Phillip Anthony Rocha.

IT IS SO ORDERED.

Dated:   **March 27, 2023**                                    _____
                                                               UNITED STATES MAGISTRATE JUDGE